IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY, et al.,<br><br>    Defendants. | ) No. C 14-2516 LHK (PR)<br>)<br>) ORDER OF PARTIAL<br>) DISMISSAL; ORDER OF<br>) SERVICE; DIRECTING<br>) DEFENDANTS TO FILE<br>) DISPOSITIVE MOTION OR<br>) NOTICE REGARDING SUCH<br>) MOTION<br>) |

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses some defendants, and orders service upon the others.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In the complaint, plaintiff alleges that the custom and policy at Alameda County jails denied plaintiff the opportunity to make confidential and privileged telephone calls to his attorney and religious advisor.  When plaintiff used the phone, he was required to do so on a monitored and recorded telephone which was located in an area where other inmates and sheriff officials could listen to plaintiff's side of the conversation.  Alameda County has a rule book that states that inmates consent to monitored and recorded conversation if they choose to use the telephone.  Plaintiff claims there is no notice or information that any confidential or private phone is available for detainees to use.

In December 2009, plaintiff became aware that it was unconstitutional for officials to record his confidential and privileged phone calls.  Plaintiff filed an administrative grievance requesting that officials stop doing so.  In August and October 2010, plaintiff alleges that when he was on the phone with his attorney and his religious advisor, plaintiff noticed that he no longer received the automated recording warning the speakers that the conversation was being monitored and recorded.

Liberally construed, plaintiff has stated a cognizable claim that defendants Alameda County, and supervisors Sheriff Ahern, Captain Ayala, Commander Harris, Captain Wilkinson, Captain Kennedy, Captain Gomez, and Deputy Delgadillo violated plaintiff's right to due process.

Plaintiff further asserts that Alameda County and Sheriff Ahern violated plaintiff's right to equal protection because (1) other pretrial detainees were provided confidential telephone access to their attorneys and religious advisors; (2) Alameda County and Sheriff Ahern had a

policy that only pro per litigants could use private, secluded, and non-monitored phones, while represented litigants had to use a telephone in a public space; (3) Alameda County and Sheriff Ahern had a policy that only criminal defendants represented by the Alameda County Public Defender's Office could make free, non-collect phone calls to their attorneys, while inmates represented by court-appointed or retained counsel had to call collect; (4) Alameda County and Sheriff Ahern had a policy that criminal pro per inmates could make a reasonable number of free telephone calls if they were associated with an ongoing case, while civil pro per inmates could not use the confidential and non-collect telephones; and (5) Alameda County and Sheriff Ahern had a policy to allow only illiterate pro per litigants to use the typewriter while literate litigants, such as plaintiff, were not permitted to do so.

Liberally construed, plaintiff has stated cognizable claims that Alameda County and Sheriff Ahern violated plaintiff's right to equal protection.

Plaintiff also appears to raise a claim that his First Amendment right to access the courts was violated. (Compl. at 18-20.) Specifically, plaintiff asserts that because he was a civil litigant, he was not allowed to use the "confidential phone," and was required to use the "collect call" phone in a non-private area. On the other hand, criminal pro per litigants were permitted to use the "confidential phone" and "non-collect" phone in a confidential area. A right to telephone calls may arise from the right of access to the courts. Prisoners are guaranteed under the Fourteenth Amendment the right to adequate, effective and meaningful access to the courts, of which the right of access to counsel is an essential component. *See Bounds v. Smith*, 430 U.S. 817, 820, 822-23 (1983). To state a denial of access claim, however, plaintiff must state facts that he suffered an actual injury, and that the defendants' actions "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Plaintiff has not done so. Accordingly, this First Amendment right to access the court is DISMISSED with leave to amend.

It is unclear whether plaintiff is attempting to raise a Sixth Amendment right to counsel and First Amendment right to religious freedom claim. If he is, plaintiff must take care to allege

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.14\Wilkins516srv.wpd        3

who violated which right, and allege sufficient facts to create a causal connection between each defendant's action and the alleged violation. To the extent plaintiff is trying to raise a Sixth Amendment right to counsel and First Amendment right to religious freedom claim, as the complaint currently reads, these claims are DISMISSED with leave to amend.

Plaintiff further alleges that the defendants violated 42 U.S.C. § 1985. Section 1985 covers conspiracies to interfere with certain civil rights and contains three subparts. As a general matter, plaintiff has not alleged facts sufficient to support the allegation that any of the individual defendants conspired together. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient."). Here, plaintiff has not pled any facts from which the court can reasonably infer that defendants formed an agreement to violate plaintiff's civil rights.

Nonetheless, even assuming that an inference of an agreement can be made, out of an abundance of caution, the court will evaluate whether plaintiff's § 1985 allegations state a claim under any of the three subparts of that statute. Section 1985(1) provides a cause of action for preventing or impeding an officer of the United States from performing his or her duties. Here, plaintiff cannot state a claim under § 1985(1) because the statute's protection extends "exclusively to the benefit of federal officers," *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981), of which plaintiff is not.

Section 1985(2) contains two clauses. In order to support an action under the first clause of 42 U.S.C. § 1985(2), plaintiff must demonstrate that (1) there was a conspiracy, (2) to deter a witness by force, intimidation, or threat from testifying, which (3) results in injury to the plaintiff. *David v. United States*, 820 F.2d 1038, 1040 (9th Cir. 1987). Plaintiff does not concern deterrence of a witness from testifying. Thus, plaintiff has not alleged facts to support a claim under the first clause of § 1985(2).

The second clause of § 1985(2) provides a cause of action for conspiracy to obstruct justice in the state courts "with intent to deny to any citizen the equal protection of the laws." 42

1  U.S.C. § 1985(2). An allegation of racial or class-based animus is an essential requirement of a
2  claim under this clause. *See Bretz v. Kelman*, 773 F.2d 1026, 1028-29 (9th Cir. 1985) (en banc).
3  Here, plaintiff does assert a claim that defendants violated his right to equal protection.
4  However, plaintiff's allegations demonstrate that plaintiff is not asserting any racial or class-
5  based animus, but claims based on litigant status and literacy. *See, e.g.*, *United Broth. of
6  Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 837-39 (1983) (Section
7  1985 does not reach economic animus); *Eitel v. Holland*, 787 F.2d 995, 1000 (5th Cir. 1986) (pro
8  se plaintiffs do not constitute a "class"). Thus, plaintiff has not alleged facts to support a claim
9  under the second clause of § 1985(2).

10  Finally, "[t]o bring a cause of action successfully under § 1985(3), a plaintiff must
11  demonstrate a deprivation of a right motivated by some racial, or perhaps otherwise class-based,
12  invidiously discriminatory animus behind the conspirators' action." *RK Ventures, Inc. v. City of
13  Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (internal quotation marks omitted); *Butler v. Elle*,
14  281 F.3d 1014, 1028 (9th Cir. 2002) (recognizing that the Supreme Court has not defined what
15  constitutes a "class" beyond race). Again, plaintiff's allegations distinguish between pro se and
16  represented litigants, and literate versus non-literate litigants; however, plaintiff's allegations do
17  not even hint at a racial or class-based claim. Accordingly, plaintiff's § 1985 claim is
18  DISMISSED. Because "it appears beyond doubt that the plaintiff can prove no set of facts in
19  support of" his § 1985 claim which would entitle him to relief, the dismissal is without leave to
20  amend. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se
21  complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of
22  the complaint could not be cured by amendment.").[1]

23  Plaintiff also claims that defendants violated 42 U.S.C. § 1986. "Section 1986 imposes
24  liability on every person who knows of an impending violation of section 1985 but neglects or
25  refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint

---

[1] Because defendant Global Tel Link is named only in conjunction with plaintiff's
§ 1985 claim, Global Tel Link is also DISMISSED.

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.14\Wilkins516srv.wpd         5

contains a valid claim under section 1985." *Karim-Panahi*, 839 F.2d at 626. However, because plaintiff has failed to sufficiently allege a claim under § 1985, plaintiff's § 1986 claim is also DISMISSED without leave to amend.

Plaintiff also names Captain Miles, Captain Buchanan, Alameda County District Attorney Nancy O'Malley. However, Captain Miles and Captain Buchanan are Internal Affairs Representatives and District Attorney Nancy O'Malley is a prosecutor. Plaintiff's only allegations against them are that he notified them to seek assistance regarding the "unconstitutional practices" of Alameda County, but all three failed to act. Even assuming that any of these three individuals were supervisors, plaintiff may not sue supervisory officials on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior"). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." *Id.* at 676-77. Mere knowledge of a subordinate's alleged misconduct is insufficient. *Id.* at 676-77. Plaintiff does not allege any facts showing that Captain Miles, Captain Buchanan, or District Attorney Nancy O'Malley were personally involved in the actions that allegedly caused harm to plaintiff, or that they had any duty to act. Rather, plaintiff only alleges that these defendants failed to react to his complaint about the incidents. Thus, the claims against these defendants are DISMISSED with leave to amend.

Plaintiff further names Lt. Arone, Deputy Smith, Deputy Mitchell, and Deputy Martinez. With respect to Lt. Arone, plaintiff alleges that plaintiff served a "citizens arrest under state law" requesting that Lt. Arone place six of the named defendants under arrest for violating California Penal Code § 636.[2] (Compl. at 7-8.) Lt. Arone gave the citizen arrest papers to Captain Ayala,

---

[2] That section provides, in part:

"(a) Every person who, without permission from all parties to the conversation, eavesdrops on or records, by means of an electronic device, a conversation, or any portion thereof, between a

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.14\Wilkins516srv.wpd         6

who informed plaintiff that the arrests would not be made because the allegations were unfounded. (*Id.* at 8.) Plaintiff asserts that Lt. Arone violated state law by failing to make the arrests, and violated plaintiff's right to equal protection and due process. However, a violation of state law is not cognizable to state a claim under § 1983. Moreover, plaintiff's assertions of "equal protection" and "due process" are too conclusory to link Lt. Arone to a cognizable federal claim. Accordingly, Lt. Arone is DISMISSED from this action with leave to amend. Plaintiff also fails to sufficiently link Deputies Smith, Mitchell, and Martinez with a constitutional violation. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." ). In the complaint, plaintiff merely states that these three defendants were "directly responsible for claims 1-5" or "directly acted and conspired" with other officials to deprive plaintiff of constitutional rights. (Compl. at 27.) However, a defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown. *See Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996). Accordingly, Deputies Smith, Mitchell, and Martinez are DISMISSED from this action without prejudice. If plaintiff wishes to amend his complaint to

---

person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and that person's attorney, religious adviser, or licensed physician, is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170.

(b) Every person who, intentionally and without permission from all parties to the conversation, nonelectronically eavesdrops upon a conversation, or any portion thereof, that occurs between a person who is in the physical custody of a law enforcement officer or other public officer and that person's attorney, religious adviser, or licensed physician, is guilty of a public offense. This subdivision applies to conversations that occur in a place, and under circumstances, where there exists a reasonable expectation of privacy, including a custody holding area, holding area, or anteroom. This subdivision does not apply to conversations that are inadvertently overheard or that take place in a courtroom or other room used for adjudicatory proceedings. A person who is convicted of violating this subdivision shall be punished by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail for a term not to exceed one year, or by a fine not to exceed two thousand five hundred dollars ($2,500), or by both that fine and imprisonment."

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.14\Wilkins516srv.wpd            7

allege sufficient facts linking these defendants to a constitutional violation, he may do so within thirty days.

## CONCLUSION

1. Plaintiff's 42 U.S.C. §§ 1985 and 1986 are DISMISSED without leave to amend. Defendant Global Tek Link is DISMISSED.

2. Plaintiff's claims of a violation of the First Amendment right to access the courts, First Amendment right to religious freedom, and Sixth Amendment right to counsel are DISMISSED with leave to amend. Defendants Captain Miles, Captain Buchanan, District Attorney Nancy O'Malley, Lt. Arone, Deputy Smith, Deputy Mitchell, and Deputy Martinez are dismissed with leave to amend. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-2516 LHK (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in the court automatically proceeding with only the cognizable claims and defendants named in this order.**

3. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Alameda County, Sheriff Gregory J. Ahern, Captain James Ayala, Deputy R. Delgadillo, Commander La Donna Harris, and Captain Gomez** at the **Glenn Dyer Detention Facility,** and **Captain Wilkinson and Captain Carla Kennedy** at the **Santa Rita Detention Facility**.

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.14\Wilkins516srv.wpd        8

1    The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the Office of County Counsel, 1221 Oak Street, Suite 450, Oakland CA 94612. Additionally, the clerk shall mail a copy of this order to plaintiff.

4.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, and defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5.   No later than **sixty (60) days** from the date the waiver is sent, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

6.   Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.14\Wilkins516srv.wpd           9

filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

7. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

9. All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

11. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  3218l4236

LUCY H. KOH
United States District Judge